IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ANGELA A. MASSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-0592-SSA-CV-W-MJW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Plaintiff Angela A. Massey seeks judicial review,[1] of a final administrative decision denying her Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review of a final decision of the Commissioner of the Social Security Administration under Title XVI.

The parties' briefs are fully submitted, and an oral argument was held on April 23, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have

---

[1] With the consent of the parties, this case was transferred to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

supported a contrary outcome or because we would have decided the case
differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

## Discussion

Plaintiff was born in 1962 and was 47 years of age on the date her application for Supplemental Security Income was filed.  Plaintiff has a high school education and past work experience as a fast food worker.  Plaintiff alleges disability due to bipolar disorder, depression, anxiety disorder, PTSD, bilateral knee tears and disorders complicated by alcohol abuse.

The Administrative Law Judge (ALJ) determined plaintiff suffered from the severe impairments of alcohol abuse, bipolar disorder, depression and anxiety.  The ALJ determined that these impairments did meet a listing under 20 C.F.R. Part 404, Subpart P, Appendix 1, when substance abuse was considered.  The ALJ went on to determine that if plaintiff stopped the substance abuse, her remaining limitations would not meet or medically equal one of the listings in Appendix 1.  The ALJ determined that plaintiff had a residual functional capacity (RFC) to perform medium work, with some limitations to account for her impairments, if she stopped the substance abuse.  Based on this RFC, and the testimony of a vocational expert, the ALJ determined that plaintiff could return to her past relevant work as a fast food worker.  Based on

this determination, the ALJ determined that plaintiff was not disabled as defined by the Social Security Act.

Plaintiff argues that the ALJ erred in finding that the drug and alcohol abuse were material contributing factors to plaintiff's disability; failed to properly consider third party statements; and failed to properly consider and develop the medical evidence of record. The Commissioner argues that plaintiff has only had minimal treatment for her knees, and that she has no significant medical issues other than staying sober. The Commissioner argues that when plaintiff is sober, her impairments are mild to moderate, and that the ALJ's opinion finding that if plaintiff quit abusing substances she would be capable of returning to her past relevant work is supported by substantial evidence in the record.

Upon review, this Court finds that while the ALJ's decision is thorough, it is not supported by substantial evidence in the record as a whole. The ALJ improperly discounted the opinion of plaintiff's treating psychiatrist, Dr. Vlach, who diagnosed plaintiff with borderline intellectual functioning, and recommended an IQ examination. Under the SSA regulations, an ALJ must give a treating physician's opinion controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), Brace v. Astrue, 578 F.3d 882, 885 (8th Cir. 2009). Accordingly, this case is remanded with directive that proper weight be given proper weight to the opinion of plaintiff's treating physician. Further, the ALJ should obtain a consultative mental examination to determine whether plaintiff is in fact suffering from borderline intellectual functioning. This examination should include necessary objective testing, at minimum an IQ examination. See Barrett v. Shalala, 38 F.3d 1019, 1023 (8th Cir. 1994) (ALJ required to order medical examination and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of plaintiff's impairments). See also Landess v. Weinberger, 490 F.2d 1187, 1189 (8th Cir. 1974) (ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether claimant is disabled).

## Conclusion

After carefully reviewing the record, the Court finds the administrative record is not sufficiently developed to make a determination as to plaintiff's disability. See Battles v. Shalala,

36 F.3d 43, 45 (8th Cir. 1994) (determination of when the Commissioner has failed to develop the record is made on a case-by-case basis).  This case is remanded for further development of the record as set forth herein.

IT IS THEREFORE, ORDERED that the decision of the Commissioner is reversed and this case is remanded, pursuant to Sentence 4, for further development of the record.

Dated this 26th day of July, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge

4